UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Docket No. 21-CR-10224-IT |
| ) | |
| Atticus J. Bernard, ) | |
| ) | |
| Defendant. ) | |

GOVERNMENT'S SENTENCING MEMORANDUM

The defendant, Atticus Bernard, preyed on children to satiate his depraved sexual desires. By the defendant's own admission, he sexually assaulted five young girls and recorded the abuse by taking photos of his criminal acts. The defendant previously pleaded guilty to an Indictment charging the defendant with two counts of producing child pornography and one count of possessing child pornography and is now before the Court for sentencing. The two production of child pornography counts involved two young girls, both of whom were approximately four years old. The defendant faces a combined statutory maximum punishment of 80 years of imprisonment (30 years on each production count and 20 years on the receipt count). United States Probation calculated the defendant's Guideline sentencing range as 210 months to 262 months. For reasons explained in this memorandum, the United States believes that the defendant's actual Guideline sentencing range is 360 months to life (total offense level of 42, criminal history category I). A 180-month mandatory minimum applies. For the reasons stated in this memorandum, the United States respectfully ask this Court to impose a sentence of 360 months.

Guideline Sentencing Range

United States Probation determined that the defendant's Guideline sentencing range is 210 months to 260 months (total offense level 37, criminal history category I). Presentence Report (revised) ("PSR"), para. 102. The United States believes that United States Probation properly determined the defendant's base offense level, various specific offense characteristic adjustments, the grouping adjustment, and the acceptance of responsibility adjustments. In addition to the adjustments included in the PSR, the United States believes that USSG § 4B1.5(b)(1) applies, which increases a defendant's offense level by five levels where "the defendant's instant offense of conviction is a covered sex crime, neither § 4B1.1 [Career Offender provision] nor subsection (a) of this guideline applies and the defendant engaged in a pattern of activity involving prohibited conduct."[1]

Application Note 2 explains that "the instant offense of conviction must be a covered sex crime. i.e.: (A) an offense, perpetrated against a minor, under (i) chapter 109A of title 18, United States Code; (ii) chapter 110 of such title, not including trafficking in, receipt of, or possession of, child pornography…" The defendant's offenses of conviction include two counts of Sexual Exploitation of Children, pursuant to 18 U.S.C. § 2251(a) and (e), which are Chapter 10 offenses.

USSG § 4B1.5(b)(1) does not apply if the defendant qualifies as a Career Offender pursuant to USSG § 4B1.1 or qualifies for an enhancement under USSG § 4B1.5(A). As the defendant does not have two prior felony convictions for either a crime of violence or a

---

[1] The undersigned attorney for the government only realized USSG § 4B1.5(b)(1) applied to the defendant when he prepared this Sentencing Memorandum. The United States has no objection if the defendant seeks a continuance to review the applicability of USSG § 4B1.5(b)(1).

controlled substance offense, he does not qualify as a Career Offender.  Similarly, USSG § 4B1.5(a) does not apply to the defendant, as the defendant did not commit the instant offense of conviction subsequent to sustaining at least one sex offense conviction.

Application Note 4(B)(i) explains "[f]or the purposes of subsection (b), the defendant engaged in a pattern of activity involved in prohibited sexual conduct if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor."

Application Note 4(A) explains "[f]or purposes of subsection (b), **"prohibited sexual conduct"** means any of the following: (i) any offense described in 18 U.S.C. § 2462(b)(1)(A) or (B); (ii) the production of child pornography;… It does not include receipt or possession of child pornography.  The defendant pleaded guilty to two counts of sexual exploitation of children (i.e., production of child pornography).  Additionally, the defendant admitted to law enforcement that he touched approximately five girls and took images of the touching.  The two counts of conviction of sexual exploitation of children are sufficient to invoke the five-level enhancement under USSG § USSG § 4B1.5(b)(1).

Sentencing Argument

Law enforcement recovered child pornography created by the defendant on the defendant's cell phone.  One of the recovered images depicts the defendant penetrating a young child's vagina with his tongue.  The child has been identified and the defendant had been friends with the young girl's parents.  Another image, which is the subject of one of the two production counts and was not  recovered by law enforcement, was described by a witness who viewed the image on the defendant's cell phone.  The image depicted  a young child lying on her stomach in pink and blue underwear who appeared to be a sleep.  The defendant masturbates over the child and ejaculates.  The child is this image was also the daughter of a friend of the defendant.  In

another photo recovered from the defendant's cell phone, the defendant is naked from the waist down on top of a young child with his penis/pelvic area near or touching the young child's public area (which appears to be clothed in underwear).  Another recovered image shows the defendant holding a child's wrist as the child's hand is on the defendant's exposed penis.

The defendant is a clear and present danger to children and will likely remain a danger to children throughout his life.  The only way to safeguard children from sexual victimization by the defendant is to sentence the defendant to a very long period of incarceration.  Only while the defendant is incarcerated will children be safe from the predatory acts of the defendant.  This Court should not place children at risk by sentencing the defendant to a sentence below the 360 months requested by the government.

As the Court is well aware, the Court must consider the sentencing factors set out in 18 U.S.C § 3553(a) when determining an appropriate sentence.  The Court must impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing as described in 18 U.S.C. § 3553(a)(2).  The sentence imposed must "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense."  The defendant committed unspeakable sexual acts on the bodies of girls as young as four years old and recorded those criminal acts for his future enjoyment.  The defendant's crime – the production of child pornography – is always an abomination, but the defendant's acts must rank among the most heinous this court has encountered.  The crime would have been complete had the defendant photographed the young girls in a lascivious manner.  The defendant, however, did far more than pose his victims and take their photograph.  The defendant raped one of  young girls by inserting his tongue into the girl's vagina, another young girl was photographed with her hand around the defendant's penis, and another image depicted the defendant atop a young child ejaculating.  The

number of child victims, five by the defendant's count, and the number of sexual assaults, each child was assaulted four or five times by the defendant's account, is staggering. The Court must attempt impose a sentence that reflects the seriousness of the defendant's crimes. While no sentence will adequately reflect the seriousness of the defendant's crimes, a sentence of 360 months with a lifetime of Supervised Release to follow is the least this Court should impose.

The defendant's child victims will have to live with the pain and suffering inflicted on them by the defendant throughout their lives. While it is difficult to gauge what those effects will be, this Court has undoubtedly repeatedly heard that childhood trauma and childhood sexual exploitation have negative effects into adulthood. We can only imagine the tough road ahead for these children. The parents and loved ones of the two identified child victims are suffering. In these cases, the children are not the only victims.

The Court must impose a sentence that "afford[s] adequate deterrence to criminal conduct." The sentence imposed must deter the defendant and others tempted to commit the same crime. Sex crimes are first and foremost crimes of violence, but they are also crimes with a sexual component. Sex crimes are difficult to deter, but the surest way to deter others from following in the defendant's perverse footsteps is to impose a lengthy sentence.

The Court must impose a sentence that "protect[s] the public from further crimes of the defendant." This sentencing factor must be considered the most vital. The defendant is a threat to children and will always be a threat to children. Anyone who might tell this Court that incarceration and sexual offender therapy will "cure" the defendant is not being truthful with the Court. Therapy will not take away the defendant's sexual attraction to young children. Will incarceration and sexual offender therapy provide the defendant with the ability not to act of his sexual impulses? No one knows the answer to that question. The Court should err on the side of

caution, on the side of protecting children, and sentence the defendant to the Guideline sentence requested by the government. The notion that someday the defendant will be back living in society with ready access to children should frighten us all. The Court must put that day off for at least the 360 months the high end of the Guidelines calls for and the government requests.

  This is not a case that merits the imposition of the minimum possible sentence, even when that sentence is quite high. In other cases involving hands-on offending by defendants charged with violations of 18 U.S.C. § 2251, the government has recommended – and courts have imposed – sentences reflective of the seriousness of such offenses. *See*, *e.g.*, *United States v. Raymond*, 20-CR-10222-RGS (65-year old defendant with no record sentenced to 60 years for producing child pornography depicting his sexual assaults of two minors and surreptitiously recording others); *United States v. Derek Sheehan*, 18-CR-10391-RGS, (50 year old defendant with no record who produced child pornography involving his sexual assault of three minors sentenced to 45 years); *United States v. Decarolis*, 19-cr-40038-TSH (defendant with no record who produced child pornography involving five minors sentenced to 38 years); *United States v. Lee*, 18-cr-10105-IT (defendant with no record who used messaging application to direct New Hampshire male to produce specific child pornography depicting sexual abuse of child known to that person sentenced to 20 years; defendant who sexually abused the child in producing the material sentenced to 50 years in D.N.H. in 18-cr-00004-LM); *United States v. Anthony DeOrdio*, 18-cr-30056-MGM (defendant who created child pornography depicting sexual abuse of child known to him <u>after having been previously convicted of a child pornography offense</u> sentenced to 50 years); *United States v. Jonathan Monson*, 18-cr-30015-MGM (defendant with no record who created child pornography depicting sexual abuse of child known to him sentenced to 40 years); *United States v. Toronto*, 17-cr-10307-FDS (defendant with no record who produced child pornography

6

depicting sexual abuse of two minor victims sentenced to 40 years); *United States v. Germaine*, 17-cr-30010-ADB (defendant with no record who created child pornography depicting sexual abuse of child known to him when he was 25 years old sentenced to 35 years pursuant to plea agreement); *United States v. Jason Gendron*, 13-cr-30036-WGY (defendant who created child pornography depicting sexual abuse of four children in his care sentenced to 50 years pursuant to plea agreement contemplating range of 40-50 years). Against this landscape, it is clear that the government's recommendation is entirely reasonable and warranted, notwithstanding the fact that it is, objectively, quite high.

Conclusion

The government recognizes that it is difficult to quantify exactly how much time would satisfy the Court's obligation to impose a sentence that is just, that would adequately deter both this defendant and others who might commit the same types of opportunistic and depraved crimes against children, and that would protect the most vulnerable members of our society. The government recognizes that the GSR, as calculated in months, is an exceedingly long time for a defendant in his twenties. The pain and devastation that the defendant left in his wake will, hopefully for Minor A and Minor B and their families and for the defendant's other victims, dissipate over time. The imagery he created will last forever, and no one knows when or how frequently it will resurface. The foreseeable consequences of this type of opportunistic predation include an amount of time in prison commensurate with the nature and circumstances of this offense. The government's recommended term of incarceration is not a mechanical application of the Guidelines or even wedded to the statutory mandatory minimum – it takes into account and properly serves the § 3553(a) factors. In this case, a 30-year sentence is necessary to protect children yet born from the defendant.

                                      Respectfully Submitted,

                                      RACHAEL S. ROLLINS
                                      United States Attorney

Date: February 27, 2023        By:   /s/ David G. Tobin
                                        DAVID G. TOBIN
                                        Assistant United States Attorney
                                        United States Attorney's Office
                                        One Courthouse Way
                                        Boston, MA 02210
                                        617-748-3310

## CERTIFICATE OF SERVICE

I, David G. Tobin, hereby certify that the foregoing was filed through the Electronic Court filing system and will be sent electronically to the registered participant as identified on the Notice of Electronic filing:

Date: March 1, 2023                               /s/ David G. Tobin
                                                  DAVID G. TOBIN
                                                  Assistant United States Attorney